UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEXANDER LEON,<br>　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent. | : : : : : : : : : : : | CIVIL ACTION NO.<br>3:14-CV-01803 (JCH)<br><br><br><br><br>JULY 23, 2015 |

**RULING ON PETITION FOR WRIT OF AUDITA QUERELA (Doc. No. 1)**

Petitioner Alexander Leon ("Leon"), pro se, has filed a "Petition for Writ of Audita Querela" under the All Writs Act, 28 U.S.C. § 1651(a).  Leon argues that his criminal sentence was improperly based on drug quantities found by the court at sentencing, rather than found by the jury, in violation of the Supreme Court's decision in Alleyne v. United States, 133 S.Ct. 2151 (2013), and seeks resentencing on this basis.  The government responded to Leon's claims in a Response filed on April 6, 2015. Government's Response to Order to Show Cause (Doc. No. 7) ("Gov't's Resp.").

For the reasons set forth below, Leon's Petition is **DENIED.**

**I.     BACKGROUND**

On February 4, 1994, a jury found Leon guilty of one count of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (count one), and two counts of possession with intent to distribute and distribution of more than 5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (counts two and four), as charged in a first superseding indictment.  United States v. Leon et al., No. 3:93-CR-00199-JCH, Verdict (Doc. No. 198).  On September 28, 1994, the court

1

sentenced Leon to a term of life imprisonment on Count One, 480 months on Count Two, and 480 months on Count Four, to run concurrently.  Id., Judgment (Doc. No. 305).   At sentencing, the court determined that the drug quantity involved in the offense was 51 kilograms of cocaine base, id., Presentence Investigation Report (Doc. No. 536-2) ("PSR") ¶ 87, which under the guidelines then in effect would have resulted in a base offense level of 42.   However, in light of impending amendments to the guidelines, the sentencing judge departed to a base offense level of 38.  Id., Statement of Reasons (Doc. No. 536-3) ("SOR"); id., Sentencing Transcript ("Sent. Tr.") at 64:16-65:19.   Leon also received guidelines enhancements based on his role as a leader in the offense and on his possession of a firearm during the course of the offense, resulting in a total offense level of 43.[1]   Sent. Tr. at 65:17-19; PSR ¶ 88, 89. Along with Leon's criminal history category of I, this resulted in a then-mandatory guideline range of life imprisonment.

Leon appealed his conviction and sentence. The Second Circuit affirmed the judgment of the district court.   United States v. Leon et al., No. 3:93-CR-00199-JCH, Mandate of USCA dated Aug. 23, 1995 (Doc. No. 388).   On November 28, 2000, Leon moved to vacate or modify his sentence pursuant to 28 U.S.C. § 2255.   Leon v. U.S.A., No. 3:00-CV-02261-PCD, Motion (Doc. No. 1).   On July 19, 2001, his motion was denied as filed outside the one-year-statute of limitations for petitions under section 2255.   United States v. Leon et al., No. 3:93-CR-00199-JCH, Ruling (Doc. No. 449).

---

[1] The PSR also recommended an enhancement for obstruction of justice, PSR ¶ 91, which the court declined to apply.   Sent. Tr. at 6:25-7:3.   Leon's total offense level after these enhancements was 44, which became 43 pursuant to Chapter 5 part A application note 2 of the sentencing guidelines. U.S.S.G. Ch. 5 Pt. A note 2; Sent. Tr. at 65:17-19.

2

Leon then filed a motion to alter or amend the judgment denying his section 2255 motion, pursuant to Fed. R. Civ. P. 59(e) and 60, arguing that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and that the statute of limitations for his section 2255 petition should have run from the date of the Apprendi decision.  The court denied his Motion on March 31, 2003.  Leon v. United States, 2003 WL 22351290, at *1 (D. Conn. Mar. 31, 2003).  Leon filed another motion for relief from judgment on January 30, 2006, arguing that under Apprendi, Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), the sentence he received was unconstitutional.  The court denied his motion on December 12, 2006.  Leon v. United States, 2006 WL 3694606, at *1 (D. Conn. Dec. 12, 2006).

Leon filed the instant Petition on November 25, 2014.  He argues that pursuant to the Supreme Court's decision in Alleyne, a new defense has arisen since the imposition of his criminal judgment that could not have previously been raised.  Pet. at 1, 7.  He further argues that the writ of audita querela is the proper vehicle to bring his claim because he has no other available post-conviction remedies, that to deny him the opportunity to be heard would create a manifest injustice, and because he is "actually innocent" of the crime that formed the basis for the life sentence, 21 U.S.C. § 841(b)(1)(a).  Pet. at 7.

## II. DISCUSSION

A writ of audita querela remains available in limited circumstances with respect to criminal convictions; namely, "it is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy."

U.S. v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (internal quotation and citations omitted).   The Second Circuit has stated that a writ of audita querela "might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244."  Id.   Courts analyzing the issue have also determined that the writ is "generally not available to review a criminal conviction when the petitioner could have raised his or her claims in a 28 U.S.C. § 2255 motion."  Persico v. U.S., 418 F. App'x 24, 25 (2d Cir. 2011) (summary order) (citing examples from the 10th, 9th, and 7th Circuits).

Leon has not presented circumstances in which the application of this form of relief would be available.   His Petition clearly falls within the scope of section 2255, which is the proper vehicle for a federal prisoner to challenge the imposition of his sentence.  Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001).   The claims presented either were or could have been brought in his earlier section 2255 motion.[2]  Thus, a writ of audita querela is not available, even if Leon is barred from bringing a section 2255 motion because a previous 2255 petition was denied on the merits.   See Persico, 418 F. App'x at 25-6; U.S. v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001).

Even assuming Leon could not have previously brought his Alleyne claim, the Second Circuit has explicitly stated that the Supreme Court's decision in Alleyne "did

---

[2] While Leon styles his argument as based on Alleyne – which held that any fact that served to increase a mandatory minimum must be found by a jury – Leon's sentence was not based on a mandatory minimum.   Rather, he received the statutory maximum of life.   Leon's argument that his statutory maximum sentence was unconstitutionally increased based on findings made by the sentencing judge is more appropriately an argument under Apprendi, which Leon raised in his section 2255 motion.

4

not announce a new rule of law made retroactive on collateral review." U.S. v. Redd, 735 F.3d 88 (2d Cir. 2013). Thus, Leon has no colorable claim of a constitutional violation based on Alleyne, and the absence of other avenues of collateral attack does not give rise to "serious constitutional questions."[3] Richter, 510 F.3d at 104, see Ortiz v. United States, 2013 WL 541388, at *2 (S.D.N.Y. Feb. 8, 2013).

### IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** Leon's Petition for Writ of Audita Querela (Doc. No. 1). The Clerk is hereby directed to close this case.

**SO ORDERED.**

Dated this 23rd day of July, 2015, at New Haven, Connecticut.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[3] In his Reply, Leon cites to Kessack v. United States, 2008 WL 189679 (W.D. Wash. Jan. 18, 2008), an unreported decision from the Western District of Washington, for the propositions that 1) a writ of audita querela is available, and 2) Alleyne may be applied retroactively on a writ of audita querela even if it is not retroactive on collateral attack pursuant to section 2255. Petitioner's Reply in Support of Order to Show Cause (Doc. No. 8) ("Rep.") at 9-11. While the court does not disagree with Leon's analysis of this case, it is contrary to the law of this Circuit, as set forth, supra.,at 3-5. Indeed, it also does not appear to be good law in the Ninth Circuit. United States v. Gamboa, 608 F.3d 492, 495 (9th Cir. 2010) (Kessack "is contrary to the law of this Circuit").