UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

|                              |   |                        |
|------------------------------|---|------------------------|
| ALEXANDER LEON,              | : |                        |
|     Petitioner,              | : | CIVIL ACTION NO.       |
|                              | : | 3:14-CV-01803 (JCH)    |
| v.                           | : |                        |
|                              | : |                        |
| UNITED STATES OF AMERICA,    | : |                        |
|     Respondent.              | : | APRIL 6, 2018          |

**RULING ON MOTION SEEKING RELIEF FROM THE COURT'S JULY 23, 2015 RULING (DOC. NO. 13)**

Petitioner Alexander Leon ("Leon"), pro se, has filed a Motion for Relief from the Court's July 23, 2015 Ruling under Federal Rule of Civil Procedure 60(b). (Doc. No. 13). Leon requests that the judgment entered on July 23, 2015, be set aside based on intervening changes in the law that constitute extraordinary circumstances.

The court denies Leon's Motion for the same reasons as those set forth in its 2015 Ruling. (Doc. No. 9). The cases Leon relies on that were decided after the 2015 Ruling—Montgomery v. Louisiana, 136 S. Ct. 718 (2016) and Welch v. United States, 136 S Ct. 1257 (2016)—did not make Alleyne v. United States, 570 U.S. 99 (2013) or Apprendi v. New Jersey retroactive on collateral review. In Montgomery, the Court held that its decision in Miller v. Alabama, 567 U.S. 460 (2012), announced a new substantive constitutional rule that was retroactive on state collateral review. In Welch, the Court held that Johnson v. United States, 135 S. Ct. 2551 (2015), has retroactive effect in cases on collateral review. Neither case dealt with Apprendi or Alleyne, nor altered the law underlying the Second Circuit decisions on the retroactive effect of Apprendi and Alleyne. See U.S. v. Redd, 735 F.3d 88 (2d Cir. 2013) ("Alleyne did not

announce a new rule of law made retroactive on collateral review."); Coleman v. United States, 329 F.3d 77 (2d Cir. 2003) ("Apprendi is a new rule that does not apply retroactively to initial section 2255 motions for habeas relief.")

Therefore, for the foregoing reasons, the court denies petitioner's Motion for Relief (Doc. No. 13).

**SO ORDERED.**

Dated this 6th day of April, 2018, at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge